AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| ROBERT PENA | Case Number: **1: 16 CR 10236 - 001 - MLW** |
| | USM Number: 99739-038 |
| | Joshua N. Ruby |
| | Defendant's Attorney |

### THE DEFENDANT:

☑ pleaded guilty to count(s)   1, 2-7 on 10/4/2017

☐ pleaded nolo contendere to count(s)  _____
which was accepted by the court.

☐ was found guilty on count(s)  _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1349 | Conspiracy to Commit Wire Fraud | 3/2013 | 1 of 7 |
| 18 U.S.C. § 1343 | Wire Fraud | 07/11/12 | 2 of 7 |
| 18 U.S.C. § 1343 | Wire Fraud | 08/10/12 | 3 of 7 |
| 18 U.S.C. § 1343 | Wire Fraud | 11/06/12 | 4 of 7 |
| 18 U.S.C. § 1343 | Wire Fraud | 12/13/12 | 5 of 7 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/23/2019
Date of Imposition of Judgment

_signature_
Signature of Judge

The Honorable Mark L. Wolf
Senior Judge, U.S. District Court

Name and Title of Judge

April 25, 2019
Date

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page ___2___ of ___9___

DEFENDANT: ROBERT PENA
CASE NUMBER: 1: 16 CR 10236 - 001 - MLW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 01/17/13 | 6 of 7 |
| 18 U.S.C. § 1343 | Wire Fraud | 02/06/13 | 7 of 7 |

AO 245B (Rev.02/18) Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page   3   of   9

DEFENDANT: ROBERT PENA
CASE NUMBER:   **1: 16 CR 10236   - 001 - MLW**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:    **32**   month(s)

This term consists of terms of 32 months on each count, to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at  _____ ☐ a.m.   ☐ p.m.   on  _____ .

     ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☑ by 12 p.m. on    6/17/2019 _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  | Judgment—Page | 4 | of | 9 |
|---|---|---|---|---|

DEFENDANT:  ROBERT PENA
CASE NUMBER:  1: 16 CR 10236  - 001 - MLW

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :                24    month(s)

This term consists of terms of 24 months on each count, to be served concurrently.


## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☑ The above drug testing condition is suspended, based on the court's determination that you
             pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
            Sheet 3A — Supervised Release

Judgment—Page   5   of   9

DEFENDANT: ROBERT PENA
CASE NUMBER:   1: 16 CR 10236  - 001 - MLW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____       Date _____

AO 245B(Rev. 02/18)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___8___ of ___9___

DEFENDANT: ROBERT PENA
CASE NUMBER:  1: 16 CR 10236  - 001 - MLW

# SPECIAL CONDITIONS OF SUPERVISION

1. You must pay the balance of any fine or restitution imposed according to a court-ordered repayment schedule.

2. You are prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

3. You must provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page _____7_____ of _____9_____

DEFENDANT:  ROBERT PENA
CASE NUMBER:   1: 16 CR 10236  - 001 - MLW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 700.00 | $ | $ | $ 2,500,000.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| HUD Lock Box | | $2,500,000.00 | |
| P.O. Box 277303 | | | |
| Atlanta, GA 30384-7303 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $          0.00 | $     2,500,000.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☑  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the    ☐  fine   ☐  restitution.

    ☐  the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page     8     of     9

DEFENDANT:  ROBERT PENA
CASE NUMBER:    1: 16  CR  10236   - 001 - MLW

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

All restitution payments shall be made to the Clerk, U.S. District Court for transfer to the identified victims. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245B (Rev. 02/18)   Judgment   in   a   Criminal   Case
Sheet 6 — Schedule of Payments

Judgment — Page   9   of   9

DEFENDANT: ROBERT PENA
CASE NUMBER:   1: 16 CR 10236  - 001 - MLW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $ _____    due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance with   ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B   ☑   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☑ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:

       The defendant shall pay the special assessment of $700.00, and restitution of $2,500,000.00, immediately, or they
       shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility
       Program while the defendant is incarcerated and according to a court-ordered repayment schedule during the term
       of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
       and corresponding payee, if appropriate.

       $2,500,000 (total)

       Joint and several with Gilda Andrade in the amount of $108,240.65 - 16-CR-10235-JGD-1

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:
       See attached Money Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10236-MLW |
| | ) | |
| ROBERT M. PENA, | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOLF, D.J.**

WHEREAS, on August 17, 2016, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment, charging defendant Robert M. Pena (the "Defendant") with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One), and Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Seven);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant, of one or more of the offense alleged in Counts One through Seven of the Indictment, of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 28 U.S.C.

§ 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on October 4, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seven of the Indictment, pursuant to a written plea agreement that he signed on August 8, 2017, and in Section 9 of the plea agreement, the Defendant agreed to forfeit to the United States $2,500,000 in United States currency on the grounds that such amount constitutes, or was derived from, proceeds traceable to the commission of the offenses charged in Counts One through Seven of the Indictment;

WHEREAS, based on the Defendant's admission in the written plea agreement and his guilty plea on October 4, 2017, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $2,500,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and this amount represents the proceeds that the Defendant directly obtained as a result of his offenses in violation of 18 U.S.C. §§ 1349, and 1343; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $2,500,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).


2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this

Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal

Rules of Criminal Procedure to amend this Order to include substitute property having a value

not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in

part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the

Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C.

§ 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets,

including, but not limited to, depositions and requests for documents, electronically stored

information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence

pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment

entered by this Court against the Defendant.


MARK L. WOLF
Senior United States District Judge

Dated: _____April 25, 2019_____

3