UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 16-10236-MLW |
| ROBERT PENA, | ) ) ) | |
| Defendant. | ) ) | |

**<u>Defendant Robert Pena's Motion for Indicative Ruling Under Rule 37(a)(3)</u>**

Defendant Robert Pena respectfully moves the Court for an indicative ruling "stat[ing] either that it would grant [Pena's motion for compassionate release, ECF # 171] if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3). In support of this motion, Pena states as follows:

1.  Pena recently moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF # 171. Because Pena has a direct appeal pending before the U.S. Court of Appeals for the First Circuit, *United States v. Pena*, 1st Cir. No. 19-1466, the Court may not have the authority to reduce Pena's sentence under 18 U.S.C. § 3582(c)(1). *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) ("Because Maldonado's appeal was pending at the time the District Court ruled on his motion to modify the sentence under § 3582(c)(2), we hold that the District Court lacked jurisdiction to enter the order reducing the sentence.").

2. Together, Fed. R. Crim. P. 37 and Fed. R. App. P. 12.1 provide a procedure to address this issue. Under Rule 37, where a defendant files a motion that the Court "lacks authority to grant because of an appeal that has been docketed and is pending," the Court may (1) defer considering the motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). If the Court does so, Pena can then notify the First Circuit, which can then remand the case (while maintaining jurisdiction) so the Court can rule on Pena's motion. *See* Fed. R. Crim. P. 37(b)-(c); Fed. R. App. P. 12.1(a)-(b); *Maldonado-Rios*, 790 F.3d at 64-65 ("This procedure makes much practical sense. It is both the procedure that the District Court—and the parties—should have followed in this case, and the one that district courts and parties should follow in like cases in the future.").

3. If the Court is inclined to grant Pena the relief he seeks in his motion for compassionate release, Pena respectfully requests that the Court follow the procedures in Fed. R. Crim. P. 37 and Fed. R. App. P. 12.1 to ensure there is no question about the Court's authority to grant relief.

For these reasons, Pena respectfully requests that the Court issue an indicative ruling "stat[ing] either that it would grant the [Pena's motion for compassionate release] if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3).

Respectfully submitted,

ROBERT PENA,

By his attorney,

/s/ Scott Katz
Scott Katz (BBO # 655681)
Scott Katz Law
1600 Providence Highway
Walpole, MA 02081
(617) 545-4488
scott@scottkatzlaw.com

Dated: April 23, 2020

## Local Rule 7.1(a)(2) Certification

I certify that I have conferred in good faith with Assistant U.S. Attorney Brian LaMacchia, counsel for the government, but we cannot resolve or narrow the issues in this motion.

/s/ Scott Katz
Scott Katz

## Certificate of Service

I certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 23, 2020.

/s/ Scott Katz
Scott Katz